**METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION, a Florida corporation, Defendant.**

**Civ. No. 66–310.**

United States District Court
S. D. Florida,
Miami Division.

Nov. 30, 1966.

**508**

Phillip Goldman, of Scott, McCarthy, Steel, Hector & Davis, Miami, Fla., for plaintiff.

Mark R. Rubin, of Albert, Weiner & Rubin, Miami, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECREE FOR INJUNCTION

ATKINS, District Judge.

### FINDINGS OF FACT

1. Plaintiff, Metropolitan Life Insurance Company, is a mutual life insurance corporation, organized and existing under the laws of the State of New York and is a citizen of that State.

2. Defendant, Metropolitan Insurance Premium Finance Corporation, is a corporation organized and existing under the laws of the State of Florida and is a citizen of that State.

3. The jurisdiction of this Court is founded upon diversity of citizenship between the parties, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $10,000.00.

4. Plaintiff, Metropolitan Life Insurance Company, has transacted business as a life insurance company for nearly 100 years, to wit, continuously since March 24, 1868.

5. Plaintiff, Metropolitan Life Insurance Company, was licensed to do business in the State of Florida on June 3, 1905 and thereafter has continuously transacted business as a life insurance company within the State of Florida.

6. Plaintiff, Metropolitan Life Insurance Company, maintains 21 district offices in the State of Florida of which 5 are located within the Miami area and of which 1 is located in the Ainsley Building in Miami and has been so located since December 1955, and also a Detached Group Insurance Office.

7. Plaintiff, Metropolitan Life Insurance Company, employs approximately 940 representatives in the State of Florida for the sale and servicing of its insurance other than Group. Approximately 205 of such representatives are employed in the Miami area.

8. Defendant, Metropolitan Insurance Premium Finance Corporation, was incorporated in the State of Florida on October 19, 1964 to carry on the business of insurance premium financing.

9. Defendant, Metropolitan Insurance Premium Finance Corporation was licensed as a premium finance corporation by the Insurance Commissioner in the State of Florida on March 3, 1965 pursuant to the provisions of Part XIV of Chapter 627, Florida Statutes, F.S.A., and has engaged continuously in the insurance premium financing business since that date.

10. Defendant, Metropolitan Insurance Premium Finance Corporation, has had its principal place of business since it was licensed in March of 1965 in the Ainsley Building, the same building in

which plaintiff maintains a District Office.

11. Plaintiff, Metropolitan Life Insurance Company, made a demand of the defendant to discontinue the use of the name Metropolitan Insurance Premium Finance Corporation, but the defendant refused.

12. The use of the name Metropolitan Insurance Premium Finance Corporation is without the approval or prior knowledge of plaintiff, Metropolitan Life Insurance Company, and plaintiff at no time consented to or acquiesced in the use of that name nor is there any connection between plaintiff and defendant nor does plaintiff sponsor defendant nor does it have any responsibility for defendant.

13. Plaintiff, Metropolitan Life Insurance Company, is now authorized to carry on and does carry on a life and accident and health insurance business and an annuity business in all of the states of the United States, in the District of Columbia, in the Commonwealth of Puerto Rico, and in the Provinces of Canada.

14. Plaintiff, Metropolitan Life Insurance Company, at present, employs approximately 32,000 representatives for the sale and servicing of its insurance other than Group, and to a substantial extent for the receipt, at the homes of its policyholders, of insurance premiums.

15. Plaintiff, Metropolitan Life Insurance Company, at present, maintains about 912 district offices out of which its representatives operate for the sale and servicing of its insurance other than Group, and to a substantial extent for the receipt, at the homes of its policyholders, of insurance premiums.

16. Plaintiff, Metropolitan Life Insurance Company, maintains 12 Group Regional Offices and 28 Detached Group Offices throughout the United States and Canada for the sale and servicing of Group life and accident and health insurance and annuities.

17. More than 47,000,000 persons are covered by insurance issued by plaintiff, Metropolitan Life Insurance Company, of whom approximately 700,000 are located in the State of Florida, representing approximately 12% of the population of the State, and of whom approximately 120,000 are located in the Miami area.

18. Plaintiff, Metropolitan Life Insurance Company, has in force, at present, approximately $68,789,000,000 of personal life insurance covering approximately 31,664,000 persons.

19. More than 14,000,000 persons are covered by some form of accident and sickness insurance issued by plaintiff, Metropolitan Life Insurance Company.

20. Substantially all of the more than 47,000,000 persons throughout the United States and Canada presently covered by insurance issued by plaintiff, and approximately 700,000 persons in the State of Florida, and approximately 120,000 persons in the Miami area, presently covered by insurance issued by plaintiff, has received and in most instances retained in his or her possession a policy or certificate of insurance in which the corporate and trade name of the plaintiff, "METROPOLITAN LIFE INSURANCE COMPANY," appears prominently.

21. Plaintiff, Metropolitan Life Insurance Company, is the largest insurance company in the world, and at the end of 1965 had assets valued at over $22,485,000,000 and life insurance, including Group life insurance, of more than $122,180,000,000 in force and received in 1965 total direct premiums from accident and sickness insurance of over $729,000,000.

22. Plaintiff, Metropolitan Life Insurance Company, has extensively and continuously over a period of years advertised its corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" in magazines having a circulation in the State of Florida, in newspapers throughout the United States and Canada, including newspapers circulated in the State of Florida, in radio broadcasts throughout the United States, including the State of Florida, and by pamphlets.

23. In the following years, plaintiff, Metropolitan Life Insurance Company, has expended the following sums for said advertising:

| | |
|---|---|
| 1956 | $4,266,919 |
| 1957 | 4,133,150 |
| 1958 | 4,755,129 |
| 1959 | 5,093,865 |
| 1960 | 5,874,097 |
| 1961 | 7,585,957 |
| 1962 | 6,473,000 |
| 1963 | 6,045,000 |
| 1964 | 6,163,000 |
| 1965 | 5,976,000 |

24. Plaintiff, Metropolitan Life Insurance Company, has for over 50 years maintained a major division known as the Health and Welfare Division, through which it has carried on numerous health projects of a major nature and has printed and circulated pamphlets, films, and exhibits, and has utilized other means of communication, on various subjects dealing with human health and safety, in connection with all of which the corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" clearly appears and is brought to the attention of the people of the United States and Canada.

In continuance of a longstanding practice, plaintiff, Metropolitan Life Insurance Company, has during the last 10 years distributed pamphlets, as aforesaid, to its policyholders and to the general public, in an average amount in each year of more than 21.5 million, substantially through its aforesaid representatives and through the public health authorities and public schools and libraries, in each one of which pamphlets the corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" prominently appears. Since the inception of this program more than 1,859,000,000 of the aforesaid pamphlets have been distributed.

25. Among the personnel in said Health and Welfare Division are several professional persons, highly trained and qualified in the field of health and safety, who are continuously in touch directly and indirectly, through accredited and responsible agencies, with the general public, being engaged in that respect in the delivering of addresses and other means of informing the general public in matters of health and safety, in all instances in association with the plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY."

26. In the following listed years plaintiff, Metropolitan Life Insurance Company, expended the following sums in the doing of the aforesaid health and welfare work:

| | |
|---|---|
| 1955 | $1,977,880 |
| 1956 | 1,705,995 |
| 1957 | 1,671,830 |
| 1958 | 1,960,125 |
| 1959 | 1,831,807 |
| 1960 | 1,772,482 |
| 1961 | 1,673,300 |
| 1962 | 2,230,000 |
| 1963 | 1,848,458 |
| 1964 | 1,696,254 |

27. Plaintiff, Metropolitan Life Insurance Company, also maintains a Statistical Bureau which originates, compiles and publishes statistics, a substantial portion of which reach the general public throughout the United States and Canada, including the State of Florida, and such material and information in printed form is identified with plaintiff as author and compiler of such statistics.

Such statistics are, from time to time, widely publicized by newspapers and magazines, including those circulated in the State of Florida, connecting the origination and compilation of such statistics by name with the plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY."

In the following years plaintiff, Metropolitan Life Insurance Company, expended approximately the following sums in connection with the origination, analysis and publication of statistics which reach the public throughout the United States and Canada, including the State of Florida, in association with plaintiff's

corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY":

| | |
|---|---|
| 1955 | $102,600 |
| 1956 | 185,200 |
| 1957 | 180,300 |
| 1958 | 142,200 |
| 1959 | 140,660 |
| 1960 | 154,210 |
| 1961 | 161,620 |
| 1962 | 186,600 |
| 1963 | 172,500 |
| 1964 | 231,800 |

In the year 1965 alone the lineage in the newspapers and magazines publicizing such statistics is known to have comprised over 500,000 lines and is estimated to have exceeded 1,343,000 lines.

28. In the years 1955 through 1964, inclusive, plaintiff, Metropolitan Life Insurance Company, has prepared and circulated through its representatives, and by various other means, to those covered by insurance issued by plaintiff, and to others who are part of the general public, annual reports of its operation for the preceding year and of its financial condition at the end of each said year.

In all of the said annual reports concerning the plaintiff, Metropolitan Life Insurance Company, its corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" is prominently used.

29. All the aforesaid usages of the corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" have occurred and do occur within the State of Florida.

30. The corporate name "METROPOLITAN LIFE INSURANCE COMPANY" has been judicially declared and established as a trade name identified with the plaintiff in the public mind.

31. The aforesaid usages of plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" and the acts and activities of the plaintiff in relation to and in promotion of the plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" have occurred for many years last past and are not in anywise limited to the past 10 years or to the years for which specific figures are above given.

32. By reason of:

(a) The employment by plaintiff of representatives and the activities of said representatives as hereinabove alleged;

(b) The maintenance by plaintiff of District Offices, Group Regional Offices and Detached Group Offices as hereinabove alleged;

(c) The issuance and present existence of the insurance policies and certificates as hereinabove alleged;

(d) The advertising in magazines, newspapers, pamphlets and by radio as hereinabove alleged;

(e) The Health and Welfare activities hereinabove alleged;

(f) The origination, compilation and publication of statistics as hereinabove alleged;

(g) The publication and distribution of annual reports as hereinabove alleged; and

(h) The popular and other usages of the plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" in referring to and designating the plaintiff as hereinabove alleged;

the said corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" has in the field of insurance, and in the fields pertaining thereto, come to identify the plaintiff to the general public, and said name has come to mean to the public and to be synonymous in the public mind with plaintiff, and such fact has been judicially determined and established, as hereinabove alleged.

33. By reason of the foregoing, the corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" has acquired a good will of incalculable value to plaintiff.

34. The name "METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION," the corporate name of

the defendant, is deceptively similar to the corporate and trade name of the plaintiff, Metropolitan Life Insurance Company.

35. The name "METROPOLITAN LIFE INSURANCE COMPANY" has for a long time been a trade name in the field of insurance by which plaintiff has been known.

36. The name of defendant, Metropolitan Insurance Premium Finance Corporation, is deceptively similar to the plaintiff's corporate and trade name, Metropolitan Life Insurance Company.

37. Defendant's use of its deceptively similar name is bound to confuse the public and to mislead the public into the belief that the defendant, Metropolitan Insurance Premium Finance Corporation, is one and the same as the plaintiff, Metropolitan Life Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, is in some way connected with or a sponsor of the defendant, Metropolitan Insurance Premium Finance Corporation, or has assumed responsibility for defendant.

38. Continued use of defendant's deceptively similar name creates and is bound to create the likelihood of injury to the business reputation of the plaintiff and the likelihood of the dilution of the good will which has attached to its corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY" in that the public is likely to be confused and to be misled into the belief that the defendant, Metropolitan Insurance Premium Finance Corporation, is, or is in some way connected with the plaintiff, Metropolitan Life Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant, Metropolitan Insurance Premium Finance Corporation, or that plaintiff, Metropolitan Life Insurance Company, has assumed a responsibility for defendant.

39. No evidence was introduced to show that the public has actually been confused or misled as aforesaid.

## CONCLUSIONS OF LAW

■■ 1. This Court has jurisdiction over the parties and of the subject matter in this suit.

2. The law of Florida is the law applicable to this case.

3. By reason of:

(a) the employment by plaintiff of its representatives and the activities of said representatives,

(b) the maintenance by plaintiff of District Offices,

(c) the maintenance by plaintiff of Regional Group Offices and its dealings with the millions of employees of its Group Policyholders,

(d) the issuance by plaintiff and present existence, in the hands of insured, of the insurance policies and certificates of plaintiff,

(e) the advertising by plaintiff,

(f) the Health and Welfare activities of plaintiff,

(g) the origination, compilation and publication of statistics by plaintiff,

(h) the publication and distribution of annual reports by plaintiff,

(i) the carrying on by plaintiff of a life and accident and health insurance business and an annuity business in all of the States of the United States, including the State of Florida, in the District of Columbia, in the Commonwealth of Puerto Rico and in the Provinces of Canada, and

(j) the facts alleged in paragraphs 18, 19, 20 and 22 of the complaint, all of which have been established by the evidence before this Court,

the said name "METROPOLITAN LIFE INSURANCE COMPANY", as aforesaid, has in the field of insurance, as aforesaid, come to mean to the general public and to be synonymous in the public mind with the plaintiff.

4. By reason of the conclusions set forth in (a) to (j), both inclusive, of the next preceding Conclusion of Law, the name "METROPOLITAN LIFE INSURANCE COMPANY," as aforesaid, meaning the plaintiff, has become well known

throughout the United States and Canada.

5. By reason of the foregoing the name "METROPOLITAN LIFE INSURANCE COMPANY," as aforesaid, has acquired a good will of incalculable value to plaintiff, Metropolitan Life Insurance Company.

6. By reason of the foregoing the name "METROPOLITAN LIFE INSURANCE COMPANY," as aforesaid, has for a long time been a trade name in the field of insurance by which plaintiff has been known.

7. The name "METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION," the corporate name of the defendant, is deceptively similar to the plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY," as aforesaid.

8. Defendant's use of the name "METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION" is likely to confuse the public and to mislead the public into the belief that the defendant, Metropolitan Insurance Premium Finance Corporation, is one and the same as the plaintiff, Metropolitan Life Insurance Company, or that plaintiff, Metropolitan Life Insurance Company, is in some way connected with or is a sponsor of the defendant, Metropolitan Insurance Premium Finance Corporation.

9. Defendant's use of the name "METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION" creates and will create the likelihood of injury to the business reputation of the plaintiff and the likelihood of the dilution of the good will attached to its corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY," as aforesaid, in that the public is likely to be confused and to be misled into the belief that the defendant, Metropolitan Insurance Premium Finance Corporation, is, or is some way connected with, the plaintiff, Metropolitan Life Insurance Company, of that the plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant, Metropolitan Insurance Premium Finance Corporation.

10. Plaintiff is entitled to a judgment or decree as hereinafter set forth.

## DECREE FOR INJUNCTION

It is ordered, adjudged and decreed, that the defendant, Metropolitan Insurance Premium Finance Corporation, its officers, agents, servants, employees, successors and assigns, and attorneys and all persons in active concert and participation with said defendant, be and they are hereby permanently restrained and enjoined from:

(a) using the name "METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION" as its corporate name and title;

(b) using the name "METROPOLITAN INSURANCE PREMIUM FINANCE CORPORATION" in any manner in connection with the business of defendant;

(c) using any name, style or title (i) which is likely to cause confusion in the minds of the public between plaintiff, Metropolitan Life Insurance Company, and defendant or is likely to lead the public to believe that defendant is one and the same as the plaintiff, Metropolitan Life Insurance Company, or is in some way connected with the plaintiff or that plaintiff, Metropolitan Life Insurance Company, is a sponsor of the defendant or that the defendant is in any manner affiliated or associated with or under the supervision of plaintiff, Metropolitan Life Insurance Company, or that the activities of defendant are conducted with the consent of or under the supervision of or in association or affiliation with plaintiff, or (ii) which creates a likelihood of injury to the business reputation of the plaintiff, Metropolitan Life Insurance Company, or likelihood of the dilution of the good will attached to the plaintiff's corporate and trade name "METROPOLITAN LIFE INSURANCE COMPANY."

The defendant is hereby allowed thirty (30) days after entry of this judgment

within which to effectuate a change in all respects in its name from Metropolitan Insurance Premium Finance Corporation to another name which is not in violation of the injunction hereby decreed. No proceedings shall be taken for the enforcement of said injunction during said reasonable period, but the Court retains jurisdiction both during and after such period to supervise and enforce compliance with said injunction.